IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00204-PAB-KLM

MAURICE LEWIS,

    Plaintiff,

v.

CARECORE NATIONAL LLC,

    Defendant.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendant's **Motion to Strike Inadmissible Documentation from Plaintiff's Complaint and Amended Complaint** [Docket No. 20; Filed May 2, 2011] (the "Motion").  The Court finds that Defendant has failed to comply with D.C.COLO.LCivR 7.1A., which provides as follows: "The Court will not consider any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred or made reasonable, good faith efforts to confer with opposing counsel or a *pro se* party to resolve the disputed matter.  The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule."  Counsel for Defendant states that on April 26 and 27 she "called Plaintiff both at the telephone number listed on the Complaint and at a different telephone number that Plaintiff gave [her] in a voice message."  *Motion* [#20] at 1.  "All of defense counsel's calls to Plaintiff reached recorded messages stating that the account holder was unable to receive calls."  *Id.*

    While the Court understands the difficulties that sometimes arise in communicating with *pro se* parties, it finds that, under the circumstances of this case, defense counsel's efforts to confer were inadequate.  Defense counsel filed the Motion on May 2 without first conferring with Plaintiff.  A Scheduling Conference occurred in this case just one day later, on May 3.  The Scheduling Conference afforded defense counsel the opportunity to (1) confer with Plaintiff about the relief requested in the Motion, and (2) obtain a working telephone number for Plaintiff so that future communication is possible.  Accordingly, the Court cannot excuse defense counsel's failure to confer before filing the Motion.

    IT IS HEREBY **ORDERED** that the Motion [#20] is **DENIED without prejudice**.

    Dated:  May 5, 2011