IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00204-PAB-KLM

MAURICE LEWIS,

    Plaintiff,

v.

CARECORE NATIONAL LLC,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Second Motion to Strike Inadmissible Documentation from Plaintiff's Complaint and Amended Complaint** [Docket No. 29; Filed May 6, 2011] (the "Motion").  In his Complaint [Docket No. 1] and Amended Complaint [Docket No. 5], Plaintiff incorporated a two-page decision by a Hearing Officer of the Colorado Department of Labor and Employment regarding his application for unemployment insurance benefits.  Defendant asks the Court to strike this decision from the Complaint and Amended Complaint because "[u]nder Colorado law, no findings of fact or law made with respect to an unemployment hearing may be used as evidence in any other kind of action."  *Motion* [#29] at 2 (citing Colo. Rev. Stat. § 8-74-108).  Thus, Defendant argues, the decision is immaterial and impertinent.  *Id.* at 3.  Defendant also argues that "[b]ecause the Hearing Officer's Decision is not admissible as evidence, its inclusion in the Complaint will unduly prejudice Defendant."  *Id.* (citing *Wilson v. Sirmons*,

536 F.3d 1064, 1099 (10th Cir. 2008)).

Fed. R. Civ. P. 12(f) provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Whether to strike matters from a complaint is within the Court's sound discretion. "Redundant matters consist of allegations that constitute a needless repetition of other averments or which are wholly foreign to the issue to be decided." *Ctr. for Native Ecosystems v. U.S. Fish & Wildlife Serv.*, No. 08-cv-02774-WDM, 2010 WL 2035580, at *2 (D. Colo. May 20, 2010) (unreported decision) (citing *Manhattan Fire & Marine Ins. Co. v. Nassau Estates II*, 217 F. Supp. 196 (D.N.J. 1963)). "A matter is immaterial if it has no essential or important relationship to the claim for relief pleaded." *Id.* (citation omitted). "A matter is impertinent if it does not pertain and is not necessary to the issues in question in the case." *Id.* (citation omitted).

Motions to strike portions of a complaint are generally disfavored. *FDIC v. Wise*, 758 F. Supp. 1414, 1420 (D. Colo. 1991) (citing *United States v. Shell Oil Co.*, 605 F. Supp. 1064, 1085 (D. Colo. 1985)). However, "offending portions of the complaint must be stricken if defendants would suffer undue prejudice otherwise." *Id.* (citing *Rawson v. Sears Roebuck & Co.*, 585 F. Supp. 1393, 1397 (D. Colo. 1984)).

In this case, the Court finds that Defendant has failed to persuasively demonstrate that it will be unduly prejudiced if the Hearing Officer's decision is not stricken. Although Defendant is correct that "the Hearing Officer's decision is not admissible to establish Defendant's liability in this matter," *Motion* [#29] at 3 (citing Colo. Rev. Stat. 8-74108), that fact alone does not demonstrate that allowing Plaintiff to incorporate the decision in his Amended Complaint [#5] is prejudicial. The decision is not redundant, immaterial, or

impertinent because it establishes relevant background information.  For example, incorporating the decision in the Amended Complaint [#5] usefully establishes the fact of the decision itself (i.e., the date of Plaintiff's application for unemployment insurance benefits, the date of the decision, and the result of the decision).  This fact, while not necessarily critical to the outcome of this case, is certainly relevant.  Moreover, at future junctures Defendant will have ample opportunity to (1) argue that the Court should not consider the Hearing Officer's decision when ruling on dispositive motions, and (2) object to the admissibility of the decision as evidence at trial.  Finally, Plaintiff is proceeding *pro se* and is therefore entitled to liberal interpretation of his pleadings.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Accordingly, the Court gives Plaintiff the benefit of any doubt and finds that incorporation of the decision in the Amended Complaint [#5] was meant only to provide background information.

The Court concludes that striking the Hearing Officer's decision from Plaintiff's pleadings is unnecessary at this time.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#29] is **DENIED**.

DATED: May 10, 2011 at Denver, Colorado.

BY THE COURT:

 s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge